01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
07                                   AT SEATTLE

08  STEPHEN LEE CZAPLA,                    )    CASE NO. C08-0084-RSM-MAT
                                           )
09          Plaintiff,                     )
                                           )
10          v.                             )    REPORT AND RECOMMENDATION
                                           )
11  OFFICER KELLEY., et al.,               )
                                           )
12          Defendants.                    )
    _____ )

13

14                  INTRODUCTION AND SUMMARY CONCLUSION

15          This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff Stephen Czapla has

16  been granted leave to proceed *in forma pauperis*.  Service has not yet been ordered.  This Court

17  concludes that plaintiff has failed to state a claim upon which relief may be granted as to five of

18  the seven defendants identified in his amended complaint.  This Court therefore recommends that

19  this action be dismissed as to those five defendants and that plaintiff be permitted to proceed with

20  respect to the two remaining defendants.

21                                  DISCUSSION

22          On January 18, 2008, plaintiff presented to this Court for filing a civil rights complaint

REPORT AND RECOMMENDATION
PAGE -1

01 under 42 U.S.C. § 1983.  Plaintiff alleged in his complaint that Seattle Police used unnecessary

02 force in effectuating his arrest, denied him medical care for injuries suffered during the arrest, and

03 failed to impound his van resulting in the loss of plaintiff's personal property.  Plaintiff further

04 alleged that he was denied medication and treatment at the King County Jail for his mental and

05 physical health.  Finally, plaintiff alleged that he was improperly denied release following his arrest,

06 and he was subsequently sentenced based on false evidence.  Plaintiff identified the following

07 defendants in his original complaint:  the Seattle Police Department Domestic Violence Unit, the

08 King County Jail Medical Staff, and King County Superior Court Judges DuBuque and Carey.

09         After reviewing plaintiff's complaint, this Court determined that the complaint was

10 deficient and did not warrant service.  Thus, on February 25, 2008, this Court issued an Order

11 declining to serve the complaint and granting plaintiff leave to amend his complaint to correct

12 specified deficiencies.  On March 4, 2008, plaintiff filed an amended complaint in which he

13 identified seven defendants and set forth several claims for relief arising out of his arrest by Seattle

14 Police Officers on August 16, 2007, and again on November 2, 2007.  While plaintiff has arguably

15 alleged a viable cause of action against two of the seven defendants, plaintiff's claims against most

16 of the defendants remain deficient.  Those deficient claims should be dismissed and plaintiff should

17 be permitted to proceed on the claims that appear viable.  The Court will address plaintiff's claims

18 against the individual defendants below.

19                     King County Deputy Prosecuting Attorney Adrienne McCoy

20         Plaintiff alleges in his amended complaint that King County Deputy Prosecuting Attorney

21 Adrienne McCoy had him arrested from work release without probable cause.  The United States

22 Supreme Court has held that, in light of common law immunity principles, persons who perform

REPORT AND RECOMMENDATION
PAGE -2

01  official functions in the judicial process are absolutely immune from liability for damages under 42

02  U.S.C. § 1983.  *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983).  Prosecutors have specifically

03  been accorded absolute immunity from § 1983 claims for acts done within the scope of their

04  official duties.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  "If the prosecutor acts as an advocate

05  'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted."

06  *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (quoting

07  *Imbler*, 424 U.S. at 430-431).

08       The facts alleged by plaintiff suggest that defendant McCoy was acting within the scope

09  of her responsibilities as an advocate for King County when she engaged in the conduct

10  complained of by plaintiff.  Defendant McCoy is therefore immune from liability for damages in

11  this action under § 1983 and, thus, plaintiff's amended complaint should be dismissed as to this

12  defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

13  <u>Seattle Police Officers Roufs and Conners</u>

14       Plaintiff alleges in his amended complaint that Seattle Police Officers Roufs and Conners

15  failed to properly inventory and impound his van, as plaintiff had requested they do at the time of

16  his arrest, and that his personal property was stolen as a result.  Plaintiff seeks compensation for

17  his lost property.

18       The Due Process Clause provides that no person shall be deprived of "life, liberty, or

19  property, without due process of law."  U.S. Const. Amend. V.  However, where a state

20  employee's random, unauthorized act deprives an individual of property, either negligently or

21  intentionally, the individual is relegated to his state post-deprivation process, so long as the state

22  provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984);

REPORT AND RECOMMENDATION
PAGE -3

01 *Parratt v. Taylor* , 451 U.S. 527, 540-41 (1981),   *overruled on other grounds by Daniels v.*

02 *Williams*, 474 U.S. 327 (1986).

03       Washington State provides a post-deprivation remedy for the alleged tortious conduct of

04 city and county employees' under RCW 4.96.  Plaintiff does not allege any due process inadequacy

05 in the tort remedy provided under RCW 4.96.  Thus, plaintiff has not alleged a viable claim for

06 relief with respect to the loss of his personal property and his amended complaint should be

07 dismissed as to defendants Roufs and Conners pursuant to 28 U.S.C. § 1915(e)(2)(B).

08 <center>Seattle Police Officer Vandenburg</center>

09       Plaintiff alleges in his amended complaint that Seattle Police Officer Vandenburg prepared

10 a certification for determination of probable cause which was based on circumstantial evidence and

11 which did not, in fact, establish probable cause.  Plaintiff also asserts that Officer Vandenburg

12 perjured himself in this document.  It appears from the face of the amended complaint that the

13 certification for determination of probable cause led to plaintiff's arrest on a charge of violating

14 a no contact order.  Plaintiff was apparently on work release at the time of his arrest in November

15 2007, and he was subsequently sentenced to serve 12 months confinement as a result of the

16 violation.

17       Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy

18 is a writ of habeas corpus, to which the exhaustion requirement applies.  *Preiser v. Rodriguez*, 411

19 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert. denied*, 498

20 U.S. 1126 (1991).  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court

21 held that a claim under § 1983 that calls into question the lawfulness of a plaintiff's conviction or

22 confinement does not accrue "unless and until the conviction or sentence is reversed, expunged,

REPORT AND RECOMMENDATION
PAGE -4

01   invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

02        It appears that a decision in plaintiff's favor on his claim against defendant Vandenburg

03   would likely undermine the validity of his current confinement. Plaintiff makes no showing that

04   his current confinement has been invalidated. Accordingly, plaintiff's claim against defendant

05   Vandenburg has not yet accrued and, thus, plaintiff's amended complaint should be dismissed as

06   to this defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

07   <div align="center">Seattle Police Officer Raguso</div>

08        Plaintiff identifies Seattle Police Officer Raguso as a defendant in this action. However,

09   plaintiff fails to allege any specific facts demonstrating that defendant Raguso personally

10   participated in causing him any harm of constitutional dimension. Plaintiff, therefore, has not

11   adequately alleged a cause of action against defendant Raguso. *See Crumpton v. Gates*, 947 F.2d

12   1418, 1420 (9th Cir. 1991). Accordingly, plaintiff's amended complaint should be dismissed has

13   as to defendant Raguso pursuant to 28 U.S.C. § 1915(e)(2)(B).

14   <div align="center">Seattle Police Officers Wilkes and Kelley</div>

15        Plaintiff alleges in his amended complaint that Seattle Police Officers Wilkes and Kelley

16   participated in his arrest on August 16, 2007. Plaintiff further alleges that officers used excessive

17   force in effectuating that arrest. These allegations are arguably sufficient to permit plaintiff to

18   proceed against defendants Wilkes and Kelley. Accordingly, service should be ordered on these

19   two defendants.

20   <div align="center">Additional Claims</div>

21        In addition to the claims addressed above, plaintiff makes a number of other allegations

22   of improper conduct by police officers without specifying the officer(s) engaged in the alleged

REPORT AND RECOMMENDATION
PAGE -5

01 misconduct.  Plaintiff should not be permitted to proceed with respect to any such claim at this

02 time.  Plaintiff may, of course, seek leave of court to amend his complaint at a later date to add

03 claims and/or defendants if he has additional, viable, constitutional claims he wishes to pursue.

04                                                    CONCLUSION

05         For the foregoing reasons, this Court recommends that plaintiff's amended complaint, and

06 this action, be dismissed as to defendants McCoy, Roufs, Conners, Vandenburg, and Raguso. The

07 dismissal of defendant McCoy should be with prejudice and the dismissal of the remaining

08 defendants should be without prejudice. The Court further recommends that plaintiff be permitted

09 to proceed with his claims against defendants Wilkes and Kelley.  A proposed order accompanies

10 this Report and Recommendation.

11         DATED this 18th day of April, 2008.

13                                              Mary Alice Theiler
                                               United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6